

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-75,904

### EX PARTE CHARLES ANISON ROGERS, JR., Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F7887-A IN THE 8TH DISTRICT COURT
### FROM FRANKLIN COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance with intent to deliver and sentenced to sixty (60) years' imprisonment. The Sixth Court of Appeals dismissed Applicant's appeal. *Rogers v. State*, No.06-06-00145-CR (Tex. App. – Texarkana, 2006, no pet.) (not designated for publication.)

Applicant contends that his counsel rendered ineffective assistance because he failed to timely file a notice of appeal. The record shows that the Sixth Court of Appeals dismissed

Applicant's direct appeal because the notice of appeal was untimely filed and that Applicant had not waived his appellate rights.

On August 22, 2007, this Court remanded this application to get an affidavit from counsel. On August 27, 2007, the trial judge ordered appellate counsel to file an affidavit, but counsel failed to respond. On March 19, 2008, the trial judge entered findings of fact and conclusions of law recommending that relief be granted.

We find that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. F7887-A from the 8th Judicial District Court of Franklin County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Delivered: April 30, 2008
Do Not Publish